CALOGERO, C.J.,
dissenting in denial of writ.
I am reluctant to support the notion that the federal protection of § 409 is implicated any time the State DOTD and/or a city study the restructuring of an intersection, without any proof that this potential project might be federally funded, or that the cost of the study was being borne by federal funds. It seems to me that this federal statute is quite limited. The statute forbids the discovery of data collected for the purpose of examining potential highway improvements “pursuant to Sections 130, 144 and 152 of this title or far the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds Sections 130, 144 and 152 deal with railroad crossings, highway bridges and federal project scheduling, respectively — none of these sections have been proven applicable here. As for the latter half of the quoted language, I feel that the State bears the burden of proving that the exclusionary provisions of the statute have been triggered. The statute, in my mind, does not mandate that every traffic count or study at every intersection is to be inadmissible because of a purely speculative notion that the federal government might one day become interested in helping fund a project, especially in this case, where the project has been completed without evidence of any federal involvement whatsoever. My exhaustive examination of the documents at issue reveals no correspondence with the federal government and no mention of federal funding. Therefore, I would grant this writ application.